**In the Matter of MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Debtor.**

**Bankruptcy No. 81–547.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 7, 1984.

Laura Kalick, Washington, D.C., William Borja, Clearwater, Fla., Wagstaff & Ward, Largo, Fla., for creditors.

Charles Medearis, St. Petersburgh, Fla., Michael Kinney, Tampa, Fla., William O'Malley, Clearwater, Fla., for debtor.

## ORDER ON MOTION FOR REHEARING AND CLARIFICATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Rehearing and Clarification filed by Mandalay Shores Cooperative Housing Association, Inc., (Association), the Debtor, who seeks relief under Chapter 11 of the Bankruptcy Code. Inasmuch as this Motion came before the Court after a variety of motions and objections, some related, some not, it should be helpful to summarize the extremely complex and confusing procedural history of not only the case itself, but also the particular matter under consideration.

On July 13, 1983, the Association filed an amended objection to the claims filed by several members of the Association. The claims were challenged by the Association on the ground that the claimants did not hold a "claim" within the meaning of § 101(4) of the Bankruptcy Code. After a duly noticed hearing, this Court ruled that the claimants were in fact "creditors" within the meaning of the Code, thus entitled to assert their claims. Based on the foregoing, on February 2, 1984, this Court en-

tered an order, overruled the objections and allowed the claims under challenge.

On February 21, 1984, the Association requested this Court to reconsider the order overruling its objection and allowing the claims. The Association's Motion was based on § 502(j) of the Bankruptcy Code which permits reconsideration of a claim previously allowed.

The Motion was based on the contention urged by the Association, that the funds held by the Association are not property of the estate and, therefore, not subject to the jurisdiction of this Court, therefore, this Court is without power to recognize and allow any claims to the monies held by the Association. The Motion was heard in due course and the Court having found the Motion to be without merit, on April 24, 1984, entered an Order and denied the Debtor's Motion. The matter presently under consideration is a Motion for Rehearing filed by the Association.

As noted earlier, the original Motion was based on § 502(j) of the Bankruptcy Code. The present Motion for Rehearing, the Association contends again that the funds are not properties of the estate and not subject to the claims of parties claiming a right to share in the funds. This contention is based on § 541(c)(2) of the Bankruptcy Code which excludes from the estate properties which are subject to transfer restrictions enforceable under non-bankruptcy law. In support of this proposition the Association points out the undisputed fact that, in this instance, the IRS granted the Association tax exempt status pursuant to § 502(c) of the Internal Revenue Code based on the alleged charitable non-profit status claimed by the Association. Consequently, so claims the Association, the assets of the Association are subject to charitable trust provisions, enforceable under Florida law, 617.01(2) F.S., a statute which prohibits the distribution of the corpus to members but permits distribution of funds contributed only for charitable purposes. Therefore, the Debtor contends that the fund, the sole asset of the Debtor, is not property of the estate thus not subject to claims of the members of the association. In addition, the Association contends that it holds only a bare legal title to the fund as trustee of a charitable trust, therefore, by virtue of § 541(a) the fund is not property of the estate.

This approach advanced by the Association is not only novel, but is also highly ironic. For over three years the Association has used this Court to protect its sole asset, i.e., the fund in question claimed to be the property of the estate. Now, for the first time The Association contends that the fund is not to be property of the estate and not subject to the jurisdiction of this Court.

Moreover, it is clear from the record that the Association was not formed to serve a public charity and was never intended to be a charitable corporation. On the contrary, it is clear that it was formed as a non-profit corporation pursuant to Chapter 719 of the Florida Statutes for the sole purpose of acquiring an apartment complex known as Mandalay Shores, in order to assure the members of the Association a continued right to reside in the complex with an assurance of the low rent they have been paying. The fact that the IRS accorded the Debtor tax exempt status is of no consequence and is not determinative of the question as to whether or not the funds of estate. This being the case, the Court finds that neither §§ 541(d) nor 541(c)(2) are applicable and the funds held by the Association are property of the estate subject to claims of creditors. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing and Clarification filed by the Debtor, Mandalay Shores Cooperative Housing Association, Inc., be, and the same is hereby denied.